DOROTHY A. PUTNAM *vs.* ELMER W. FULTON.

Cumberland.      Opinion, June 2, 1932.

*William Lyons*, for plaintiff.
*J. Frederic Burns*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.  Action against deputy sheriff in charge of county- jail, alleging damages because defendant unlawfully refused to accept plaintiff's judgment debtor into his custody, when the debtor appeared at the jail and offered to surrender himself to relieve his sureties on a six months' bond.

Defendant demurred generally to plaintiff's declaration and demurrer was sustained. The case comes here on exceptions to the ruling.

The declaration sets out the following facts: that plaintiff was the owner of a judgment against one Floyd H. Putnam; that a capias execution had been issued thereon on which the debtor was arrested; that when he was about to be committed, he tendered a bond with sufficient sureties conditioned as follows:

"Now if the said Floyd H. Putnam, shall, within six months from the time of executing this bond, cite the said Dorothy A. Putnam before two Justices of the Peace, and submit himself to examination, agreeably to the 124th Chapter of the Revised Statutes and acts amendatory thereof and additional thereto, and take the oath prescribed in section fifty-five of said Chapter; pay the debt, interest, costs and fees arising in said execution; or deliver himself into the custody of the keeper of the jail to which he is liable to be committed under said execution, then this obligation shall be void; otherwise it shall remain in full force. . . ."

that upon acceptance of the bond the obligor was released from arrest; that defendant was a deputy sheriff and keeper of the county jail; that on December 2, 1931, and within six months next after the date of said bond, Putnam presented himself at the jail and offered to deliver himself into the custody of the defendant as keeper of the jail, in accordance with the conditions and provisions of the bond, the jail being that to which Putnam was liable to be committed under the execution; and that the defendant with intent to aid and abet Putnam from paying the amount of the execution, refused and neglected to accept him into his custody as keeper of the jail, but allowed him to escape, and without performing either of the other conditions contained in the bond.

Plaintiff's claim against this defendant is based upon an alleged breach of legal duty on his part in not receiving the judgment debtor into his custody when the debtor "offered" to deliver himself. But the condition of the bond was that he should deliver himself, not that he should offer to do so.

Defendant argues that a mere offer to deliver is not sufficient unless the offer was made in such a manner and under such circumstances as compelled acceptance and that the declaration sets out no cause of action because it lacks affirmative allegation in this respect.

We think his position is sound. Our Court said in *Jones* v. *Emerson*, 71 Me., 405:

> "The universal practice has been for the debtor to deliver to the jailer, at the jail, when he delivers himself up to custody, either an attested copy of the execution and return thereon or of the bond. In *White* v. *Estes*, 44 Me., 21, the debtor delivered both. If the jailer receives him without either, the delivery would undoubtedly be sufficient, but he would not be bound to receive him without one or the other."

and in *Hussey* v. *Danforth*, 77 Me., 17:

> "It has been the practice for the debtor to deliver to the jailer, when he surrenders himself into custody, either an attested copy of the execution and return thereon, or of the

bond, and he would not be obliged to receive him without one or the other, . . ."

To the same effect is *Jordan* v. *McAllister*, 91 Me., 481:

"To comply with this condition, so as to save the penalty of his bond, it was necessary for him, within the time named, either to deliver himself into the custody of the jailer and be received into jail, or to deliver himself to the jailer at the jail in such a manner as would make it the duty of the jailer to receive him into custody. The jailer was not obliged to receive him unless at the same time he had produced and delivered to the jailer sufficient evidence of his authority to keep and hold him until discharged by authority of law, such as an attested copy of the bond or of the execution and officer's return thereon. . . ."

From these cases it appears that a jailer may receive one who offers to place himself in custody without being presented with an attested copy of the execution and return thereon or of the bond, but that he is not obliged to do so.

There is no allegation that this debtor presented the jailer with either of the necessary documents. It can not be argued that this is only open on defense and not properly raised on demurrer because there is no allegation that the judgment debtor did "deliver himself into the custody of the keeper of the jail" as required by the terms of his bond. The allegation is that he "offered to deliver himself."

Had actual delivery been alleged, the allegation that the offer to deliver was accompanied by a presentation to the jailer of the document or documents which compelled the acceptance of the debtor into custody might have been dispensed with. But neither of these allegations appears. All of the material allegations contained in the declaration may be taken as true and no legal liability attach to defendant.

There is an allegation to the effect that the refusal of the jailer to take the judgment debtor into custody in the absence of evidence of legal authority to do so — or to state it in another way,

the jailer's refusal to waive the presentation of such evidence —
was prompted by a desire on his part that the debtor should escape
imprisonment.

Unless defendant failed to perform a legal duty to the damage of
plaintiff, no action lies. The motive which may have prompted him
not to do that which he was under no obligation to do is entirely
immaterial.

*Exceptions overruled.*