RITA NADEAU BERTICELLI, ADMRX.

*vs.*

ARMAND HUARD, LAUREAT HUARD, THERESA GAGNON
AND FERDINAND PATENAUDE

Androscoggin.    Opinion, February 8, 1951.

*Clifford and Clifford,*
*William H. Clifford,* for plaintiff.

*Adam B. Sichol,*
*Isaacson & Isaacson,*
*Philip M. Isaacson,* for defendant.

*Armand Huard, pro se.*
*Laureat Huard, pro se.*

Sitting: Murchie, C. J., Thaxter, Fellows, Merrill, Nulty, Williamson, JJ.

Thaxter, J. This is an action of debt for the balance claimed to be due on a poor debtor's bond. It was heard by the court with right to except on questions of law reserved. The facts are not in dispute. The judge found for the plaintiff.

The sole question at issue as raised by the exceptions is whether the principal on the bond, Armand Huard, did comply with that condition of the bond which provided that the bond should become void if the respondent did within six months from the time of executing the bond deliver himself into the custody of the keeper of the jail to which he is liable to be committed under said execution held against him.

The principal and sureties on the bond claimed that his acts constituted such a surrender as was a compliance with this condition of the bond; the plaintiff claims that this condition of the bond had not been complied with.

It is admitted that on the evening of March 31, 1950, while the bond had thirty days still to run, the defendant, Armand Huard, together with his bondsmen, appeared at the sheriff's office in Auburn for the purpose of surrendering himself under the provisions of the bond. Neither the principal on the bond nor any of the sureties had with them either a copy of the bond or of the execution on which the bond was based; and for this reason the deputy sheriff, Henry Michaud, who was in charge of the office of the sheriff, refused to accept the proffered surrender of Armand Huard, the principal. In so doing, the sitting justice found that the deputy was entirely within his rights.

In *Jones* v. *Emerson*, 71 Me. 405, it was argued that in spite of the fact that the statute does not require any precept or copy of the reason for the commitment to be filed with the

jailer, yet "it is the universal practice, otherwise what justification would the jailer have on *habeas corpus*? How could he escape the penalty imposed in R. S., 1871, c. 99, sec. 25, or prevent his prisoner being discharged on that writ? The *habeas corpus* statute seems to take it for granted that the jailer or other officer shall be able to furnish the written evidence of his authority for depriving a citizen of his liberty. *Com.* v. *Waite,* 2 Pick. 445." The penalty referred to in the statute reads as follows, R. S., 1871, Chap. 99, Sec. 25:

> "If any officer refuses or neglects, for four hours, to deliver a true and attested copy of the warrant or process, by which he detains any prisoner, to any person who demands it and tenders the fees therefor, he shall forfeit to such prisoner two hundred dollars."

And the penalty is just the same today, R. S., 1944, Chap. 113, Sec. 25.

In *Hussey* v. *Danforth,* 77 Me. 17, the rule is laid down in the following language:

> "It has been the practice for the debtor to deliver to the jailer, when he surrenders himself into custody, either an attested copy of the execution and return thereon, or of the bond, and he would not be obliged to receive him without one or the other, but there is no statute requiring these as prerequisites, . . . ."

*Putnam* v. *Fulton,* 131 Me. 232, clearly points out that in order to comply with the third condition of the bond the debtor must surrender himself or be surrendered "in such manner and under such circumstances as compelled acceptance . . . ." And further in summing up the cases the court says:

> "From these cases it appears that a jailer may receive one who offers to place himself in custody without being presented with an attested copy of the execution and return thereon or of the bond, but that he is not obliged to do so."

The defendant relies on the case of *Noyes* v. *Perkins*, 129 Me. 385. The language used in that case must be read in the light of the facts found by the court. In the case at bar the jailer definitely refused to accept the surrender of the debtor. In the *Noyes* case there is no such definite refusal to accept his surrender, and from that fact the court found that there was an implied acceptance of custody.

There is a clear distinction between the two cases and, if we would not overrule the cases which have already established the policy fixed in this jurisdiction, the exceptions must be overruled.

*Exceptions overruled.*